On Application for Rehearing.
En Banc.
PER CURIAM.
Both the plaintiff-appellee and the de~ fendants-appelants have filed applications-for rehearing.
In its application for rehearing, the plaintiff-appellee requests this court to correct a. date contained in the statement of facts.. In our original opinion we stated that “The plaintiff corporation’s president testified that in October 1963 he received, in the-routine course of his business, a notice of the cancellation of the fire insurance maintained on the subject leased premises.”' (Emphasis supplied.) As suggested by the plaintiff-appellee, the correct summary of the witness’s testimony should have been: “The plaintiff corporation’s president testified that he received [date not stated], in the routine course of his business, a notice dated October 1963 of the cancellation of the fire insurance maintained on the subject leased premises.”
We are informed that, although the date-the plaintiff’s president received (through the Leader-Durst Corporation) the October *126 1963 notice of cancellation of insurance is immaterial in the present proceedings, it may be of relevance in other litigation with other parties concerning the lease on the premises, in which an issue may concern knowledge of the default prior to November 1963. Accordingly, we correct our opinion to show that the evidence in the present suit does not reflect upon what date the plaintiff’s president actually received the notice of cancellation in the mails.
The contentions suggested by the defendants-appellaiits in their application for rehearing have been adequately disposed of by our opinion.
With the above correction of a statement of fact not material to the issues before us in the present appeal, the applications for rehearing of both the appellee and the appellants are denied.
Application for rehearing denied.